HAYES PAWLENKO LLP
MATTHEW B. HAYES (SBN 220639)
mhayes@helpcounsel.com
KYE D. PAWLENKO (SBN 221475)
kpawlenko@helpcounsel.com
595 E. COLORADO BLVD., SUITE 303
PASADENA, CA 91101
(626) 808-4357; FAX (626) 921-4932

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA HUBBARD, an individual on behalf of herself and others similarly situated,<br><br>                    Plaintiff,<br>v.<br><br>RCM TECHNOLOGIES (USA), INC.; and DOES 1 to 10 inclusive,<br><br>                    Defendants. | **CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1. **Failure to Pay Overtime Wages (Cal. Labor Code §§ 510, 1194)**<br>2. **Unfair Business Practices (Cal. Business & Professions Code § 17200, *et seq*.)**<br>3. **Waiting Time Penalties (Cal. Labor Code § 203)**<br><br>**AND DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1

Plaintiff RHONDA HUBBARD ("Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. This is a California-wide class action against RCM TECHNOLOGIES (USA), INC. ("RCM") for (1) failing to include the value of per diem and stipend payments in the regular rate of pay when calculating overtime and (2) failing to pay all wages owing at time of discharge.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy in this action exceeds $75,000, exclusive of interests and costs, and because the parties are citizens of different states.

## VENUE

3. This action may be brought in this judicial district pursuant to 28 U.S.C. § 1391 because RCM transacts business in this district and a substantial part of the acts and/or omissions giving rise to the claims occurred in this district.

## PARTIES

4. Plaintiff is a citizen of California who was employed by RCM as a non-exempt hourly employee to work multiple assignments in California. Her last assignment with RCM was in San Francisco, CA in approximately December 2018.

5. Defendant RCM is a New Jersey corporation that, at all relevant times, has been engaged in the business of health care staffing throughout California and the rest of the United States.

6. Plaintiff is currently unaware of the true names and capacities of the defendants sued by the fictitious names DOES 1 through 10, inclusive, and, therefore, sue those defendants by fictitious names. Plaintiff alleges on information and belief that each of the DOE defendants is responsible or liable in some manner for the conduct alleged in the complaint and that Plaintiff's damages as herein alleged were proximately caused by those DOE defendants.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

2

Plaintiff will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

7.  Plaintiff alleges on information and belief that, at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the other defendants, and in connection with the conduct hereinafter alleged, was acting within the scope of such agency and employment, and each defendant ratified each and every act, omission and thing done by each and every other defendant named herein.

8.  Defendants RCM and DOES 1 through 10 will be referred to hereafter, collectively, as "Defendants."

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.  Defendants employ numerous non-exempt hourly health care professionals for travel assignments at health care providers throughout the United States (hereafter "Travelers").

10. Travelers sign assignment contracts with Defendants that require them to work a minimum number of hours per week.

11.  As part of Travelers' compensation, in addition to an hourly wage, Defendants provide Travelers with weekly per diem and stipend pay.

12. Like the hourly wage, Travelers must earn their per diem and stipend pay each week by satisfying their minimum weekly hours requirement.

13. When Travelers fail to work the minimum number of weekly hours required by their contracts, Defendants prorate the weekly per diem and stipend pay by assessing an hourly charge-back for each hour a Traveler falls below their minimum required hours.

14. The per diem and stipend pay is thus not based on actual expenses incurred each week, but instead is based upon, and fluctuates with, the number of hours worked per week.

15. Notwithstanding that the amount of the weekly per diem and stipend pay is based on and varies with hours worked, Defendants do not include the value of the per diem and stipend pay in Travelers' regular rates of pay when calculating overtime and double time.

16. During Plaintiff's employment with Defendants, she regularly worked shifts

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

3

lasting from 10 to 12 hours per day.

17. As part of Plaintiff's compensation, Defendants provided her with weekly per diem and stipend pay.

18. Plaintiff was required to earn her weekly per diem pay each week by working the minimum number of required weekly hours specified in her assignment contract.

19. If Plaintiff failed to satisfy the number of minimum required weekly hours specified in her assignment contract, her per diem and stipend pay was subject to an hourly charge-back for each hour she fell short.

20. Defendants did not include the value of Plaintiff's weekly per diem pay in her regular rate of pay when calculating overtime.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings the California state law claims on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent a class composed of the following:

> All non-exempt hourly employees employed by RCM in California who, at any time from September 27, 2015 through the date of class certification, worked one or more workweeks in which they were paid overtime and received a weekly per diem or stipend.

22. Plaintiff reserves the right to amend or modify the class descriptions or establish additional subclasses as appropriate.

23. This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation.

**A. Numerosity**

24. The potential members of the class as defined are so numerous that joinder of all the members of the class is impracticable. While the precise number of members of the class has not been determined at this time, Plaintiff is informed and believes that the class contains in excess of 100 individuals.

### B. Commonality

25. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include, without limitation, whether Defendants were required to include the value of the per diem and stipend pay in Travelers' regular rates of pay.

### C. Typicality

26. The class claims of the proposed class representative are typical of the claims of each class member.

27. As with other members of the class, Defendants failed to include the value of Plaintiff's per diem and stipend pay in Plaintiff's regular rate of pay when calculating overtime and/or double time.

### D. Adequacy of Representation

28. Plaintiff will fairly and adequately represent and protect the interests of the members of the class. Counsel who represent Plaintiff are competent and experienced in litigating employment class actions.

### E. Superiority of Class Action

29. A class action is superior to other available means for the fair and efficient adjudication of the class claims. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to recover by reason of Defendants' illegal common policies.

30. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

///

///

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**FIRST CAUSE OF ACTION**

**CLASS ACTION CLAIM FOR FAILURE TO PAY OVERTIME**

**(LABOR CODE §§ 510, 1194)**

31. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

32. Labor Code section 510 requires an employer to provide premium overtime and/or double time pay for work in excess of 8 hours per day and 40 hours per week.

33. Labor Code section 1194 entitles an employee receiving less than the legal overtime and/or double time pay to recover, in a civil action, the unpaid balance of overtime and/or double time wages owing, plus interest, reasonable attorneys' fees, and costs of suit.

34. As a result of Defendants' failure to include the value of all remuneration in employees' regular rates of pay, Plaintiff and other members of the class were not paid the correct premium overtime and/or double time rates for hours worked in excess of 8 hours per day and/or 40 hours per week.

35. Plaintiff seeks to recover, on behalf of herself and other class members, payment of the overtime and/or double time owing to them, plus penalties and interest, attorneys' fees and costs, in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**

**CLASS ACTION CLAIM FOR UNFAIR BUSINESS PRACTICES**

**(BUSINESS & PROFESSIONS CODE § 17200, *et seq*.)**

36. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

37. A violation of California Business & Professions Code section 17200, *et seq*. may be predicated on the violation of any state or federal law.

38. Defendants' failure to pay Plaintiff and other class members the correct premium overtime and/or double time rates for hours worked in excess of 8 hours per day and/or 40 hours

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

per week violates Business & Professions Code section 17200, *et seq.* by virtue of violating Labor Code section 510.

39. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, the other class members, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

40. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq.*

41. Pursuant to California Business & Professions Code section 17200, *et seq.*, Plaintiff and other class members are entitled to an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period, an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws, and an award of costs.

## THIRD CAUSE OF ACTION

## CLASS ACTION CLAIM FOR WAITING TIME PENALTIES

### (LABOR CODE §§ 201, 203)

42. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

43. Labor Code section 201 requires an employer to immediately pay all wages owing to an employee at the time of discharge.

44. In violation of Labor Code section 201, Defendants discharged Plaintiff and other members of the class without paying them the overtime and/or double time owing.

45. Defendants' failure to pay Plaintiff and other class members the overtime and/or double time owing at the time of discharge, as alleged above, was willful, as Defendants intentionally failed to include all remuneration in their regular rates of pay.

46. Pursuant to Labor Code section 203, Plaintiff and other class members are entitled to waiting time penalties in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

### Class Certification

1. That this case be certified as a class action with respect to the California state law claims;

2. That Plaintiff be appointed as the representative of the class; and

3. That counsel for Plaintiff be appointed as class counsel.

### First Cause of Action

4. That the Court declare, adjudge and decree that Defendants violated Labor Code section 510 by failing to pay Plaintiff and other class members the correct overtime and/or double time rates for hours worked in excess of 8 hours per day and/or 40 hours per week;

5. For unpaid overtime and/or double time wages and such general and special damages as may be appropriate;

6. For pre-judgment interest on any unpaid wages owing commencing from the date such amounts were due;

7. For attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 1194(a); and

8. For such other and further relief as the Court may deem equitable and appropriate.

### Second Cause of Action

9. That the Court declare, adjudge and decree that Defendants violated Business & Professions Code section 17200, et. seq. by failing to pay Plaintiff and other class members the correct premium overtime and/or double time rates for hours worked in excess of 8 hours per day and/or 40 hours per week in violation of Labor Code section 510;

10. For an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period;

8

11. For attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure section 1021.5; and

12. For such other and further relief as the Court may deem equitable and appropriate.

### Third Cause of Action

13. That the Court declare, adjudge and decree that Defendants violated Labor Code section 201 by willfully failing to pay Plaintiff and other class members all wages owing at the time of discharge;

14. For statutory waiting time penalties pursuant to Labor Code section 203 for Plaintiff and other class members; and

15. For such other and further relief as the Court may deem equitable and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of these claims by jury to the extent authorized by law.

DATED: October 4, 2019                    HAYES PAWLENKO LLP

                                                                                   By: /s/Matthew B. Hayes
                                                                                       Matthew B. Hayes
                                                                                       Attorneys for Plaintiff