UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RHONDA HUBBARD,**<br>Plaintiff,<br>vs.<br>**RCM TECHNOLOGIES (USA), INC.,**<br>Defendant. | CASE NO. 19-cv-06363-YGR<br><br>**ORDER RE: MOTION FOR CLASS CERTIFICATION**<br>Re: Dkt. No. 30 |

Plaintiff Rhonda Hubbard brings this putative class action on behalf of hourly healthcare professionals employed by defendant RCM Technologies (USA), Inc., a healthcare staffing company. The complaint asserts claims under California law for unpaid overtime, unlawful business practices, and waiting time penalties. Specifically, plaintiff challenges the legality of defendant's policy of excluding the value of weekly per diem payments from the regular rate used to calculate overtime, notwithstanding that the payments are based on hours worked rather than expenses incurred. Now before the Court is plaintiff's motion for class certification pursuant to Federal Rule of Civil Procedure 23.

Defendant generally does not oppose plaintiff's motion, subject to defendant reserving its right to later move for decertification. However, defendant has filed a limited opposition requesting modification of the proposed class notice to include language disclosing potential adverse tax implications if the Court rules that the per diem payments at issue should be reclassified as wages rather than expense requirements.[1]

---

[1] Defendant's opposition also requested that the Court (1) order plaintiff to give putative class members the option to submit exclusion forms electronically to the administrator, and (2) order plaintiff to meet and confer with defendant regarding the content of the exclusion form, which was not included with the motion papers. After filing of the opposition, plaintiff notified defendant of her agreement to allowing putative class members to return the exclusion form electronically. The parties also met and conferred and agreed on the content of the exclusion form. These issues therefore are moot.

Below, the Court addresses both the motion for class certification and the objection to the class notice.

**1.      Motion for Class Certification**

Plaintiff seeks to certify the following class:

> All non-exempt hourly employees employed by RCM in California who, at any time within four years prior to the filing of this lawsuit through the date of class certification, worked one or more workweeks in which they were paid overtime and received a weekly per diem or stipend.

To be certified, a class "must meet the four threshold requirements of Federal Rule of Civil Procedure 23(a): numerosity, commonality, typicality, and adequacy of representation." *Leyva v. Medline Indus. Inc.,* 716 F.3d 510, 512 (9th Cir. 2013).  In addition, "the proposed class must satisfy the requirements of Rule 23(b), which defines three different types of classes." *Id.* Relevant here, Rule 23(b)(3) "requires that 'questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Id.* (quoting Fed. R. Civ. P. 23(b)(3)).

*Numerosity*: A proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  While the numerosity requirement is not tied to any fixed numerical threshold, it "is usually satisfied where the class comprises 40 or more members, and generally not satisfied when the class comprises 21 or fewer members." *Twegbe v. Pharmaca Integrative Pharmacy, Inc.*, 2013 WL 3802807, *2 (N.D. Cal. July 17, 2013).  Here, proffered evidence shows the proposed class consists of more than 100 individuals who worked at locations across the state and traveled to different areas for work assignments.  Given the size and geographic diversity of the proposed class, numerosity is satisfied.

*Commonality*: "[C]ommonality requires that the class members' claims 'depend upon a common contention' such that 'determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke.'" *Mazza v. Am. Honda Motor Co., Inc.,* 666 F.3d 581, 588 (9th Cir. 2012) (quoting *Wal-Mart Stores, Inc. v. Dukes,* 131 S.Ct. 2541, 2551 (2011)).  This factor, too, is satisfied.  Plaintiff alleges defendant violated California Labor Code

2

sections 510 and 1194 by systematically underpaying overtime pursuant to its policy of excluding the value of per diem payments from the regular rate when calculating overtime. Liability under this theory turns on common factual questions related to defendant's alleged policies and practices when calculating overtime pay for employees receiving per diem payments, and on the common legal issue of whether per diem payments must be included in the regular rate under applicable law. Based on the alleged failure to pay overtime, plaintiff also asserts derivative claims for unlawful business practices under California Business and Professions Code section 17200 and waiting time penalties under California Labor Code section 203. These claims hinge on the same common factual and legal issues as the overtime claim.

*Typicality*: "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1030 (9th Cir. 2012) (quotation marks and citation omitted). Here, the named plaintiff represents that she worked travel nurse assignments for defendant in California, for which she received per diem payments that were conditioned on her working a certain number of hours and that were prorated based on hours worked. She further represents that she worked overtime and had the value of her per diem payments excluded from the regular rate used to calculate her overtime pay. Her claims are typical of the class.

*Adequacy*: "The named plaintiffs must fairly and adequately protect the interests of the class." *Id*. at 1031. "In making this determination, courts must consider two questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id*. As set forth in their declarations, neither counsel nor the named plaintiff has any actual conflicts with other class members, and they have represented that they will prosecute the action vigorously on behalf of the class. The adequacy factor is met.

*Predominance and Superiority*: "Rule 23(b)(3) requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Amgen, Inc. v. Conn. Ret. Plans & Trust Funds,* 133 S. Ct. 1184, 1191 (2013) (emphasis in

3

original).  As explained, liability on each asserted claim hinges upon the common questions of whether defendant adopted a policy of excluding the per diem payments from the regular rate when calculating overtime, and whether this policy violates California law.  Thus, "[t]his case presents the classic case for treatment as a class action: that is, the commonality linking the class members is the dispositive question in the lawsuit." *Evon,* 688 F.3d at 1029-30.  The predominance and superiority requirements are satisfied.

Accordingly, the motion for class certification is **GRANTED**.

## 2. Objection to the Class Notice

A class notice must include all "information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt-out or remain a member of the class." *Tierno v. Rite Aid Corp.*, 2007 WL 4166028, at *1 (N.D. Cal. Nov. 19, 2007) (citing *In re Nissan Motor Corp. Antitrust Litig.,* 552 F.2d 1088, 1105 (5th Cir. 1977)).  At the same time, notice is not adequate if it misleads potential class members.  *Molski v. Gleich,* 318 F.3d 937, 952 (9th Cir. 2003), overruled on other grounds by *Dukes v. Wal–Mart Stores, Inc.,* 603 F.3d 571 (9th Cir. 2010).  Here, defendant argues that plaintiff's proposed class notice fails to inform class members about tax liabilities that could arise if the class prevails in this litigation.[2]  As such, it proposes adding the following language after the second paragraph in the section titled "What Is the Lawsuit About?":

> RCM further contends that the Lawsuit would have harmful tax consequences on employees if the Court holds that the per diem benefits must be included in the calculation of overtime pay. Plaintiff disagrees with RCM's assertion that prevailing on the overtime claims would cause adverse tax consequences. You may wish to consult a tax professional regarding any potential tax implications of the Lawsuit.

Plaintiff counters that the proposed language is misleading because it gives the false impression that "potential adverse tax implications" can be avoided by opting out of the class.

---

[2] Defendant acknowledges that a finding that the per diem payments must be included in the regular rate for calculating overtime "does not necessarily mean that the per diems will be taxable, and there is room for debate" on the issue.

United States District Court
Northern District of California

In considering this issue, the Court is mindful of the importance of striking an appropriate balance between ensuring that putative class members have sufficient information to decide whether to participate in the litigation, and at the same time, not dissuading them from making either choice. It is not unusual for language related to taxes to be included in class notices. However, the first two sentences of defendant's proposed language, with their references to "harmful" and "adverse" tax consequences, raise a serious risk of dissuading those with meritorious claims from joining the action. It would be particularly misleading to include such language in the section titled "What Is the Lawsuit About?," as it cannot be argued reasonably that taxation is at the heart of this litigation. Moreover, as plaintiff points out, it is likely that any tax consequence of a ruling that the per diem payments should have been included in the regular rate would extend to all employees paid on a per diem basis, regardless of whether they participate or opt out.

As such, the Court **DENIES** defendant's specific request, but **GRANTS** the more generic request for a modification of the class notice. Thus, plaintiff shall include the following in the class notice:

> In addition, if the lawsuit is successful, and depending on how any recovery would be classified, there may be tax implications. You may wish to consult a tax professional regarding any potential tax implications of the Lawsuit. The Court has not made any findings on the topic

This language is informative and neutral, and its inclusion in the class notice will serve the best interests of putative class members.[3]

\* \* \* \* \*

For the foregoing reasons, the Court hereby **ORDERS** as follows:

---

[3] The cases cited by defendant do not compel a different result. In *Carlino v. CHG Medical Staffing, Inc.*, Case No. 1:17-CV-01323-DAD-JLT, 2019 WL 1005070, at *7-9 (E.D. Cal. Feb. 18, 2019), the court approved the same language proposed here only after discussing at length its skepticism of this language, ultimately concluding that "because a potential for adverse tax consequences appears to exist, and *pursuant to the parties' agreement expressed at the . . . hearing on the pending motion*." (Emphasis supplied.) The court in *Dittman v. Medical Solutions*, Case No. 2:17-cv-01851-MCE-CKD, Dkt. No. 39 (E.D. Cal.) modified the class notice to include language regarding tax implications without explaining why the language was appropriate in that case. These cases offer minimal guidance here.

1. Plaintiff's motion for class certification is granted.
2. The Court certifies a class consisting of: All non-exempt hourly employees employed by RCM Technologies (USA), Inc. in California who, at any time within four years prior to the filing of this lawsuit through the date of class certification, worked one or more workweeks in which they were paid overtime and received a weekly per diem or stipend.
3. The Court appoints plaintiff Rhonda Hubbard as the representative of the certified class.
4. The Court appoints Matthew B. Hayes and Kye D. Pawlenko of Hayes Pawlenko LLP as class counsel for the certified class.
5. Defendant's objection to plaintiff's proposed class notice is denied in part and granted in part. Notice of this order shall be provided to the certified class as follows:
    a. The proposed notice of class certification lodged as Exhibit A of plaintiff's motion is approved **except that plaintiff is instructed to make the following revisions**:
        i. On the first page, plaintiff shall make the following sentence into a separate paragraph, for emphasis: "If you do nothing, you will automatically be included in the certified class."
        ii. Plaintiff shall include the agreed-upon changes to the section titled "How Can I Exclude Myself from the Certified Class? (Action Required)," as reflected in Exhibit 2 to the Declaration of William Hays Weissman.
        iii. Plaintiff shall change the title "What Fees and Costs Are Involved in the Lawsuit" to "Are There Any Financial Considerations Involved In the Lawsuit?" In this section, following the paragraph on fees and costs, plaintiff shall add a separate paragraph stating: "In addition, if the lawsuit is successful, and depending on how any recovery would be classified, there may be tax implications. You may wish to consult a tax professional regarding any potential tax implications of the Lawsuit. The Court has not made any findings on the topic."

     b. The revised notice of class certification shall be disseminated via first-class U.S. mail.

     c. The deadline to opt-out of the certified class shall be 60 days from mailing the notice.

     d. Within 14 days of this Order, defendant shall produce to an agreed upon third party administrator the contact information – including the names and last known addresses – for all members of the certified class.

This Order terminates Docket Number 30.

**IT IS SO ORDERED.**

Dated: October 20, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**